**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ESTATE OF CHI MODU, appearing via its trustee, SOPHIA MODU,<br><br>Plaintiff,<br><br>v.<br><br>News Corp. is a New York Corporation, doing business individually, and as "THE SUN"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff, by and through their attorneys Doniger / Burroughs, seek relief against Defendants, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is the Estate of Chi Modu, and appears via its trustee, Sophia Modu ("The Estate"), and is based in New Jersey.

5. Plaintiff is informed and believes and thereon alleges that Defendant, News Corp., which does business individually and as "The Sun" (collectively, "The Sun") located at 1211 Avenue of the Americas, New York, New York 10036, and is doing business in and New York.

6. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full

knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## INTRODUCTION

8.  Chi Modu ("Modu") was an award-winning photographer, well-known for his photographs of hip-hop icons including Tupac Shakur, Notorious B.I.G., Mary J. Blige, L-L Cool J, and many others. He exhibited his work at numerous museums, appeared at many exhibits, and used his skills as a photographer to create unique documentaries. His photographs are often used in commercials, films, music documentaries, along with being held in private collections. His images have also been licensed by Sony, Paramount, Viacom, The New York Times and The London Times, and his photograph of Tupac Shakur was featured in Rolling Stone's book "The '90s: The Inside Stories from the Decade That Rocked." His photographs have also been featured on the covers of The Source, Rolling Stone Magazine, and Jazz Times.

9.  Modu created an original photograph depicting Tupac Shakur ("Subject Photography"), a true and correct copy of which is attached as **Exhibit A**.

10. Modu passed away and The Estate obtained all ownership, interest, and rights in the Subject Photography. Plaintiff exclusively owns the Subject Photography, its copyrights, and any related accrued claims.

11. The Subject Photography is registered with the Copyright Office and The Estate owns that registration.

12. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photography for financial benefit and without Modu or Plaintiff's consent, at and on websites bearing the URL(s) depicted in Exhibit B hereto. Said material will be referred to as "Infringing Content" herein.

13. Plaintiff did not consent to said use of the Subject Photography.

14. Plaintiff sent a cease and desist letter to Defendant on January 15, 2021 indicating a complaint would be filed and that litigation would be required should Defendant fail to comply

3

with the cease-and-desist letter and amicably resolve the matter. Defendants failed to meaningfully respond.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

15. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

16. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

17. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at and on websites bearing the URL(s) depicted in **Exhibit B** hereto.

18. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

21. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

22. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

24. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

27. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

28. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

30. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography before distributing and publishing same.

31. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography at and on websites bearing the URL(s) depicted in Exhibit B hereto removing Plaintiff's attribution information, including without limitation his name and/or metadata.

32. The aforementioned facts concern "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and said information on and in the Infringing Content is false.

33. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover

those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing and advertisement materials;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 17 U.S.C. §1203, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. § 505 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i.      That Plaintiff be awarded such further legal and equitable relief as the Court

deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:      New York, New York                              Respectfully Submitted,
            June 23, 2022

                                                            DONIGER / BURROUGHS


                                            By:    /s/ *Scott Alan Burroughs*
                                                   Scott Alan Burroughs, Esq.
                                                   Laura M. Zaharia, Esq.
                                                   247 Water Street, First Floor
                                                   New York, New York 10038
                                                   (310) 590-1820
                                                   scott@donigerlawfirm.com
                                                   *Attorneys for Plaintiff*
                                                   *Estate of Chi Modu and*
                                                   *Trustee Sophia Modu*

8

**EXHIBIT A**



**EXHIBIT B**

